ALD-092                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2402
_____

ENOMEN JOHN OKOGUN,
                                        Appellant

v.

TRUSTEES OF PRINCETON UNIVERSITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:21-cv-18957)
District Judge:  Honorable Michael A. Shipp

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2024

Before: HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 3, 2024)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Enomen Okogun appeals from the District Court's dismissal of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the claims in his second amended complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

In 2021, Okogun initiated a civil rights action in the New Jersey Superior Court, bringing claims against the Trustees of Princeton University ("University"). He filed a 100-page complaint that discussed, among other things, interactions he had with officers from the University's Department of Public Safety ("DPS") over the course of several years. Okogun describes himself as a person without a home.

The University removed the case to federal court. On the University's motion, the District Court dismissed Okogun's complaint because it did not comply with Federal Rule of Civil Procedure 8. Given an opportunity to amend, Okogun filed a new 88-page complaint bringing 32 claims based on his interactions with various DPS officers and with staff at a convenience store over several years; his allegations included various exchanges he had with students and others on campus and information about buildings where he spent his time. Among his allegations, he claimed that while he was at a University building, he was issued a notice that banned him from the University campus and its properties for two days in 2018 while he pursued an appeal, and that he was issued this notice again for some length of time in 2019 that he chose not to appeal because he believed it was issued due to racial animus against him.

Again, on the University's motion, the District Court dismissed his complaint pursuant to Rule 8 and gave him one final opportunity to file a clear amended complaint. The District Court explained that Okogun needed to limit his complaint to the necessary

2

facts for each of his claims, and to specify which facts supported each claim. It also linked to a procedural guide to assist him in preparing a clearer pleading. The District Court warned that this would be Okogun's final opportunity to clarify his allegations.

Okogun responded by nearly doubling the length of his complaint, filing a 160-page second amended complaint with 35 causes of action. The University again moved to dismiss, and the District Court dismissed Okogun's complaint for non-compliance with Rule 8, this time with prejudice, noting the opportunities he previously had to clarify his allegations. The District Court also denied Okogun's motion for recusal. Okogun timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a dismissal for failure to comply with the requirements of Rule 8 for abuse of discretion. See Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019). We construe Okogun's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

After careful review of Okogun's filings, we conclude that the District Court did not abuse its discretion in dismissing his second amended complaint under Rule 8.[1] Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). A statement must be plain "to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial," and must be short to avoid placing "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted).

Okogun's second amended complaint was not "simple, concise, and direct." See Fed. R. Civ. P. 8(d)(1). Rather than clarify his prior allegations to identify the relevant facts for each of his claims, he nearly doubled the length of his complaint to 160 dense pages, spanning five years and discussing dozens of incidents, individuals, and seemingly unrelated observations. His allegations include various anecdotes and exchanges with visiting speakers and students on the University campus, movie and book quotes, an

---

[1] Although the District Court also included the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) in the legal standards section of its opinion, its analysis was grounded entirely in Rule 8.

interaction in a public library that appears to be the subject of a separate lawsuit, and various incidents he observed or recorded — the relevance of which is unclear when considering his treatment by DPS officers or the University. Okogun's 74-page causes of action section does not clarify matters; his claims are indecipherable, as he has nested references to other paragraphs throughout, many of which then reference other paragraphs or uncited legal principles and conclusions. His "causes of action" either do not connect to any factual allegations or refer to dozens of pages of text that cover many unrelated events. The complaint is so voluminous and unfocused that it is impossible to identify what about Okogun's encounters with various DPS officers, University staff, or private individuals could support any claim for relief regarding a violation of his state or federal constitutional rights.

On appeal, Okogun does not clarify his allegations but instead argues that the District Court ignored his allegations and should have worked harder to attempt to understand his claims. However, "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint," especially after a litigant has been given an opportunity "to better tailor [his] pleading." See Garrett, 938 F.3d at 93. The District Court here "expressly warned [Okogun] that failure to replead [his] claims in compliance with Rule 8 would result in the dismissal of those claims" and explained — several times — how to comply with that rule. See Westinghouse, 90 F.3d at 704. Where Okogun responded by filing a confusing, even lengthier document that made it more difficult to understand the basis for any of his individual claims, dismissal of his complaint under Rule 8 was appropriate. See id. at 703 (affirming the dismissal of an

5

"unnecessarily complicated and verbose" complaint that plaintiffs had failed to sufficiently narrow through "two rounds of difficult motions"); see also Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007) (explaining that it is not a "district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading"). Because Okogun had two prior opportunities to explain the basis for his complaint, the District Court also did not err in denying him further leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Further, we discern no error in the denial of Okogun's motion for recusal of the District Judge. Fundamentally, Okogun disagrees with the District Court's decisions, which is not a basis for recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal."). Otherwise, we observe nothing in the District Court's proceedings or its reasoning suggesting bias or any other reason that recusal would have been necessary.[2] See In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (explaining that recusal is not required when it is based on "unsupported, irrational, or highly tenuous speculation").

Accordingly, we will affirm the District Court's judgment.

---

[2] Specifically, Okogun alleged in his recusal motion that one of the District Judge's children attended a summer program at Princeton University as a child, that he believes another one of his children did as well, and that one of those children was accepted to Princeton University as an undergraduate but chose not to attend. Even assuming the truth of these allegations, they do not establish the District Judge's bias in adjudicating this matter, nor do the remainder of the speculations included in Okogun's motion.